UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JUAN ANTONIO ZAVALA,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 1:18-cv-00476-BLW<br><br>MEMORANDUM DECISION AND ORDER |

**INTRODUCTION**

Before the Court is a Juan Antonio Zavala's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Dkt. 1), as well as his request for a default judgment (Dkt. 4). The Clerk of the Court conditionally filed the § 2241 petition pending the Court's initial review. (Dkt. 2). The Court is required to screen habeas corpus petitions to determine whether they are subject to summary dismissal. *See Rule 4 of the Rules Governing Section 2254 Cases*.[1]

---

[1] Although Mr. Zavala brings this action under 28 U.S.C. § 2241, the Court has discretion to apply the Rules Governing Section 2254 Cases to any habeas petition. *See Rule 1(b) of the Rules Governing Section 2254 Cases*. Zavala was previously advised that he could not proceed with this motion until the Court decided an *in forma pauperis* application. *See* Dkt. 2. Zavala never submitted such an application. Regardless, for the reasons explained below, the petition is subject to dismissal for lack of jurisdiction.

MEMORANDUM DECISION AND ORDER - 1

# BACKGROUND

In May 2004, a jury convicted Zavala of two crimes: (1) conspiracy to distribute and possess with intent to distribute methamphetamine; and (2) distribution of 50 grams or more of methamphetamine. The Court sentenced Zavala to 360 months' imprisonment, and the Ninth Circuit affirmed. *See United States v. Zavala*, 520 F.3d 984 (9th Cir. 2008) (en banc).

In May 2009, Zavala filed a motion to vacate his sentence under 28 U.S.C. § 2255. Zavala claimed his counsel was ineffective by failing to advise him of the possible benefits of pleading guilty without a plea agreement and failing to investigate mitigating evidence. After appointing counsel for Zavala and conducting an evidentiary hearing, the Court denied the motion. *See Zavala v. United States*, No. 1:09-cv-212-BLW (D. Idaho July 31, 2012).

In October 2018, over six years after the Court denied his § 2255 motion, Zavala filed the pending "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241." *See* Dkt. 1. Despite its label, this petition is actually a second or successive petition under 28 U.S.C. § 2255, which will be dismissed for lack of jurisdiction.

# DISCUSSION

**A.   Legal Standards Governing § 2241 and § 2255 Motions**

In general, a motion filed under 28 U.S.C. § 2255 provides the exclusive mechanism by which a federal prisoner may attack the underlying legality of his detention. *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008) (*citing Lorentsen v.*

*Hood*, 223 F.3d 950, 953 (9th Cir. 2000)). A § 2255 motion must be filed in the district court in which the sentencing was held. *Id.* at 956 (citation omitted). Once a prisoner has unsuccessfully challenged the legality of his detention in a § 2255 proceeding, he cannot file a second or successive § 2255 motion unless he first obtains the authorization of the court of appeals. *See* 28 U.S.C. § 2255(h). The court of appeals may grant such authorization only if it determines that the motion makes a prima facie showing that it involves either:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h) (incorporating 28 U.S.C. § 2244).

Conversely, a petition for writ of habeas corpus filed under 28 U.S.C. § 2241 is limited to challenging the manner, location, or condition under which a sentence is executed and is to be filed in the custodial court. *Harrison*, 519 F.3d at 956. However, a so-called "escape hatch" or "savings clause" contained within § 2255 provides that a prisoner may proceed under § 2241 to challenge the legality of his detention if the remedy under § 2255 is "inadequate or ineffective" for doing so. *See* § 2255(e); *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) ("escape hatch"); *Hernandez v. Campbell*, 204 F.3d 861, 864, n. 2 (9th Cir. 2000) ("savings clause").

The Ninth Circuit and other circuits have held that the escape hatch is only available when a prisoner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." *Stephens*, 464 F.3d at 898 (citing *Ivy v. Pontesso*, 328 F.3d 1057, 1060 (9th Cir. 2003) and cases from several other circuits). In determining whether a prisoner had an unobstructed procedural shot, the court should consider (1) whether the legal basis for his claim arose after he had exhausted his direct appeal and first § 2255 motion, and (2) whether the law changed pertaining to his claim after that first § 2255 motion. *Harrison*, 519 F.3d 960 (*citing Ivy*, 328 F.3d at 1060-61).

If a prisoner cannot demonstrate both actual innocence and lack of an unobstructed procedural shot at asserting his claim, then the remedy under § 2255 is adequate and he cannot proceed under § 2241. *Stephens*, 464 F.3d at 898–99. The prisoner will instead be subject to the restrictions placed upon the filing of a second or successive § 2255 motion. *See Harrison*, 519 F.3d at 961-62; *Hernandez*, 204 F.3d at 866. Those restrictions are not sufficient to trigger the savings clause. *Stephens*, 464 F.3d at 897-98.

**B.     This Court Lacks Jurisdiction of Zavala's Petition**

The claims alleged in Zavala's petition directly challenge the validity of the sentence imposed by this Court. This becomes clear upon a cursory reading of Zavala's petition, but perhaps most significantly, in filling out the form petition, Zavala responded "YES" to this question: "In this petition, are you challenging the validity of your conviction or sentence as imposed?" *See § 2241 Petition*, Dkt. 1, at 5. As a result, § 2241

jurisdiction does not exist unless Zavala shows that § 2255's savings clause applies, or that § 2241 somehow otherwise applies. He has failed to do so.

As stated above, the Ninth Circuit has construed the "inadequate or ineffective" language narrowly and clarified that it does not serve as a mechanism for either circumventing the procedural limitations on § 2255 motions or obtaining a second chance to present a claim already denied on the merits. *See, e.g., Ivy*, 328 F.3d at 1059; *Lorentsen v. Hood,* 223 F.3d 950, 953 (9th Cir. 2000). Therefore, to establish that the Section 2255 remedy is inadequate or ineffective in this case, Petitioner must: (1) establish that the Petition makes a claim of actual innocence; *and* (2) demonstrate that he has not had an unobstructed procedural shot at presenting that claim. *Harrison*, 519 F.3d at 959 (citation omitted); *see also Muth*, 676 F.3d at 819.

To satisfy the first prong, a claim of actual innocence, a petitioner must show, by a preponderance of the evidence, "'that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (citation omitted); *Ivy*, 328 F.3d at 1060; *Lorentsen*, 223 F.3d at 954. Factual innocence, not legal insufficiency, is required. *Lorentsen*, 223 F.3d at 954; *see Stephens*, 464 F.3d at 898-90; *Ivy*, 328 F.3d at 1060.

Further, to satisfy the second prong, Petitioner must establish he has "never had the opportunity to raise" his claim in a Section 2255 motion. Ivy, 328 F.3d at 1060 ("it is not enough that the petitioner is presently barred from raising his claim ... under § 2255. He must never have had the opportunity to raise it by motion.").

As noted above, Zavala has already attacked the validity of his sentence in a § 2255 motion filed in this court. Further, the Court is unaware of any independent basis for exercising § 2241 jurisdiction. The central purpose of the writ of habeas corpus is to provide a remedy to prisoners challenging the fact or duration of their physical confinement and seeking immediate release or an earlier release. *Preiser v. Rodriguez*, 411 U.S. 475 (1973) ("the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody"). Section 2241 confers a general grant of habeas jurisdiction when a federal or state prisoner contends that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(a), (c)(3). As noted earlier, the federal courts have construed this general grant to encompass a federal prisoner's right to attack the "execution of his sentence," but not its validity. Id. at 1009; *Hernandez*, 204 F.3d at 864; *see also Porter*, 244 F.3d at 1007.

For the reasons stated above, Zavala's petition is subject to dismissal for lack of jurisdiction

## ORDER

**IT IS ORDERED that:**

(1) Zavala's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 is

    **DISMISSED.**

(2) Zavala's Request for Default Judgment (Dkt. 4) is **DEEMED MOOT**.

(3) To the extent a certificate of appealability is required, the Court declines to issue one.

DATED: July 15, 2019

B. Lynn Winmill
U.S. District Court Judge